Case 4:20-cv-04149   Document 50   Filed on 09/09/21 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
September 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ERNEST ADIMORA-NWEKE,** | § § § | |
| Plaintiff, | § § | |
| V. | § § | **CIVIL ACTION NO. 4:20-CV-4149** |
| **HANNAH O. YARBROUGH-SMITH, ET AL,** | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant Director McGraw's Motion to Dismiss (Dkt. No. 15). The Court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Defendant Director McGraw's Motion to Dismiss (Dkt. No. 15) be **GRANTED** and the case against him be **DISMISSED WITH PREJUDICE**. The Court **FURTHER RECOMMENDS** that all other pending motions (Dkt. Nos. 5, 7, 17, 22) be **DENIED AS MOOT**.

I.   **BACKGROUND**

Plaintiff Ernest Adimora-Nweke filed this lawsuit in the 234th Judicial District Court of Harris County, Texas on September 16, 2020.[2] Defendant Steven A. McGraw, Director of the Texas Department of Public Safety ("Director McGraw") removed the case on December 4, 2020.[3]

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. (*See* Dkt. No. 12.)
[2] Dkt. No. 1 at 1.
[3] *Id.*

Plaintiff filed a 125-page fourth amended complaint on December 8, 2020, bringing claims under the U.S. Constitution and state law torts among others.[4]

On November 14, 2018, Plaintiff was arrested on suspicion of driving while intoxicated.[5] Plaintiff did not voluntarily provide a breath or blood sample.[6] Texas Transportation Code 724.015 describes information police officers shall provide before requesting specimen in these situations and states "if the person refuses to submit to the taking of the specimen, the person's license to operate a motor vehicle will be automatically suspended . . . ." *See* Tex. Transp. Code 724.015(2). Plaintiff received notice via a DIC-24 form that his license would be suspended.[7] A DIC-24 form is a piece of paper that contains the above statutory warning. *See* Tex. Transp. Code 724.015.

Plaintiff had a license at the time of his arrest and alleges that an officer kept it after he posted bail.[8] The DIC-24 form can serve as a temporary driving permit if a license is confiscated.[9] Within 15 days of arrest or notice of suspension, an individual may request an Administrative License Revocation ("ALR") hearing. *See* Tex. Transp. Code 724.041(a). On November 16, 2018, Plaintiff requested an ALR hearing regarding his license suspension.[10] On November 26, 2018, Plaintiff was notified that his request was insufficient under Texas Administrative Code, Title 37, Chapter 17, Rule 17.8 (4) and (5).[11] Plaintiff did not attempt to correct the defect until January 26, 2019, well after the 15-day statutory time period passed.[12] Consequently, Plaintiff's license was

---

[4] *See* Dkt. No. 6.
[5] *Id.* at 86.
[6] *Id.* at 87.
[7] Dkt. No. 2 at 352.
[8] Dkt. No. 6 at 89.
[9] Dkt. No. 2 at 352.
[10] Dkt. No. 6 at 87–88.
[11] Dkt. No. 2 at 347.
[12] *Id.* at 348–51.

suspended from December 14, 2018 until June 21, 2019.[13] Plaintiff's license is no longer suspended and he is permitted to drive, but he is required to pay a $125.00 reinstatement fee before a new driver's license will be issued.[14]

Plaintiff alleges that the DIC-24 form is unconstitutional on its face as applied because it is not in strict compliance with Texas Transportation Code 724.015.[15] Specifically, Plaintiff argues that the DIC-24 form is "missing Texas Transportation Code Section 724.015(6)."[16] Director McGraw filed the pending Motion to Dismiss on December 22, 2020.[17] The Court stayed the case on March 8, 2021 until the Court could rule on Director McGraw's Motion to Dismiss.[18]

## II.  LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan*

---

[13] *Id.* at 345.
[14] *Id.*
[15] Dkt. No. 6 at 99.
[16] *Id.* at 100.
[17] Dkt. No. 15.
[18] Dkt. No. 33.

*v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

A complaint may also be dismissed if the Court lacks subject matter jurisdiction over an action. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

### III. ANALYSIS

Director McGraw argues Plaintiff lacks standing to bring claims against him and any complaint regarding the DIC-24 form is moot.[19] Further, Director McGraw argues Plaintiff's claims against him should be dismissed for failing to state a claim upon which relief can be granted.[20] The Court notes at the outset that Plaintiff is a licensed and practicing attorney who is representing himself in this case. Consequently, "this Court holds [him] to a higher standard than it does a typical *pro se* plaintiff." *Davis v. GECESP Assocs. LLC*, No. 2:14-CV-01065, 2015 WL 410030, at *2 (E.D. Tex. Jan. 23, 2015); *see Wright v. McCain*, 703 F. App'x 281, 284 (5th Cir. 2017) (quoting *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)) ("Since counsel is held to a higher standard than a *pro se* litigant, 'it would be rather peculiar to treat a trained attorney's error more leniently than' that of a pro se litigant."). The Court will address each of Director McGraw's arguments in turn.

---

[19] Dkt. No. 15 at 9.
[20] *Id.*

      a. <u>Standing</u>

Director McGraw argues Plaintiff lacks standing to bring claims against him because Plaintiff has not been injured.[21] Plaintiff contends that he "still has standing per injury in fact that is fairly to Director McGraw's continuously authorized unconstitutional DIC-24 document . . . ."[22] The Court agrees with Director McGraw.

"Constitutional standing is a question of subject matter jurisdiction." *AmGuard Ins. Co. v. Lone Star Legal Aid*, No. CV H-18-2139, 2019 WL 4034276, at *2 (S.D. Tex. Aug. 27, 2019) (citing *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017)). "To establish Article III standing, a plaintiff must show (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

Plaintiff argues he was harmed by the DIC-24 form that is "missing Texas Transportation Code Section 724.015(6)."[23] However, Texas Transportation Code Section 724.015(6) only applies to individuals who do not have a driver's license.[24] Texas Transportation Code Section 724.015(6) did not apply to Plaintiff because he had a driver's license at the time of his arrest.[25] Thus, Plaintiff cannot be injured by a lack of notice regarding Texas Transportation Code Section 724.015(6).

---

[21] *Id.*
[22] Dkt. No. 16 at 2.
[23] *Id.* at 100.
[24] Texas Transportation Code Section 724.015(6) states "if the officer determines that the person is a resident without a license to operate a motor vehicle in this state, the department will deny to the person the issuance of a license, whether or not the person is subsequently prosecuted as a result of the arrest, under the same conditions and for the same periods that would have applied to a revocation of the person's driver's license if the person had held a driver's license issued by this state."
[25] Dkt. No. 6 at 89.

Plaintiff does not refute that this specific section did not apply to him. Without an injury, Plaintiff fails to establish standing.

Further, Director McGraw argues that the Court cannot redress Plaintiff's criticism of the DIC-24 form "because the reason for Plaintiff's license suspension had nothing to do with a portion of the statute that does not apply to Plaintiff."[26] The Court agrees with Director McGraw that Plaintiff's request for a declaration or injunction would be futile as neither would change the inapplicability of the language in the DIC-24 form to Plaintiff.[27] Plaintiff's license suspension has ended and the reinstatement fee only applies to obtaining a new license. There is no current injury to Plaintiff's ability to drive that could be redressed by the equitable relief Plaintiff seeks. Accordingly, the Court recommends that Plaintiff's claims be dismissed pursuant to Rule 12(b)(1). *Wright v. Brady*, No. H-06-CV-2021, 2006 WL 2371327, at *1 (S.D. Tex. Aug. 15, 2006) ("If a plaintiff lacks standing to assert a claim, a federal court lacks subject-matter jurisdiction over that claim.").

    b. <u>Mootness</u>

Director McGraw also argues that Plaintiff's claims are moot because his license is no longer suspended and he is permitted to drive.[28] Plaintiff argues his case is not moot because he is still subject to the $125.00 reinstatement fee along with the "detrimental effects" on his insurance and driving record.[29]

"A claim is moot when a case or controversy no longer exists between the parties." *Kovac*

---

[26] Dkt. No. 15 at 10.
[27] Dkt. No. 20 at 4.
[28] Dkt. No. 15 at 11–12.
[29] Dkt. No. 16 at 2.

*v. Wray*, 449 F. Supp. 3d 649, 653 (N.D. Tex. 2020) (quoting *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017)). Here, Plaintiff's license was suspended from December 14, 2018 until June 21, 2019.[30] Plaintiff's license is no longer suspended, but he is required to pay a $125.00 reinstatement fee before a new driver's license will be issued.[31] [T]he period of suspension is not extended by failure to pay the fee." *Allen v. State*, 48 S.W.3d 775, 778 (Tex. Crim. App. 2001). As discussed above, the reinstatement fee only applies to obtaining a new license and did not extend Plaintiff's license suspension nor his ability to lawfully drive. As such, there is no live case or controversy related to the DIC-24 form and Plaintiff. Accordingly, the Court recommends that Plaintiff's claims be dismissed as moot.

    c. <u>Failure to State a Claim</u>

Lastly, Director McGraw argues that Plaintiff has not stated a claim for which relief may be granted.[32]

    i. *Rule 8(a)*

First, Director McGraw contends that Plaintiff fails to satisfy Rule 8.[33] Rule 8 states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "For a complaint to meet the pleading requirements of Rule 8(a)(2) and to survive a Rule 12(b)(6) motion to dismiss, the following conditions must be met: (1) every element of each cause of action must be supported by specific factual allegations; and (2) the complaint must state a plausible claim for relief." *Kan v. OneWest Bank, FSB*, 823 F.

---

[30] Dkt. No. 2 at 345.
[31] *Id.*
[32] Dkt. No. 15 at 12.
[33] *Id.*

Supp. 2d 464, 468 (W.D. Tex. 2011).

Plaintiff's fourth amended complaint is 125 pages long.[34] *It discusses everything from a bad business arrangement Plaintiff entered into with a person whom he believes is a criminal to his other arrests related to this business partner to a conspiracy involving kidnapping and contracted hit-men.*[35] 25 pages are spent on Plaintiff's bad business arrangement and 54 pages discuss his other arrests.[36] Plaintiff sues not only Director McGraw, but 25 other defendants and numerous members of law enforcement.[37]

In no way does Plaintiff's complaint comply with Rule 8(a)(2). Plaintiff, a licensed attorney, has had multiple opportunities to correct the deficiencies in his fourth amended complaint and has failed to do so. Accordingly, the Court recommends that Plaintiff's complaint be dismissed for failure to comply with Rule 8.

    ii. *Immunity From Liability*

Second, Director McGraw contends Plaintiff fails to state a claim against him for which relief can be granted because he retains immunity from liability to Plaintiff's claims.[38]

"[W]hen a State removes to federal court a private state court suit based on a federal-law claim, it invokes federal jurisdiction and thus waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state sovereign immunity. However, that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally

---

[34] Dkt. No. 6.
[35] *See id.*
[36] *Id.* at 6–86.
[37] *Id.* at 1–5.
[38] Dkt. No. 15 at 13.

and on their merits in the federal courts." *Meyers ex rel. Benzing v. Texas*, 454 F.3d 503, 504 (5th Cir. 2006); *see also Skinner v. Gragg*, No. 14-CV-1412, 2015 WL 12966224, at *11 (S.D. Tex. Aug. 13, 2015), *aff'd*, 650 F. App'x 214 (5th Cir. 2016) ("[A]fter removal, a state may not defeat jurisdiction based on sovereign immunity, but may still assert state sovereign immunity as defined by state law as a defense.").

To the extent Plaintiff argues his case falls under an *Ex parte Young* exception, Plaintiff's argument fails because, as Director McGraw notes, there is no ongoing constitutional violation. *See Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019). Any relief sought regarding Plaintiff's past suspension would need to be retroactive and any relief sought regarding the reinstatement fee does not implicate a constitutional right. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) ("To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future."). Accordingly, Director McGraw is immune from liability and retrospective equitable relief to address Plaintiff's alleged past injuries.

    iii. Due Process

Third, Director McGraw argues that Plaintiff's right to due process has not been violated because he received sufficient notice.[39] Moreover, given that driving an automobile is not a constitutionally protected right, any lack of notice language intended to address individuals without driver's licenses, or a required reinstatement fee is not a violation of due process.[40]

Plaintiff admits that he had a driver's license.[41] Plaintiff clearly had notice as he requested

---

[39] *Id.* at 15–17.
[40] *Id.*
[41] Dkt. No. 6 at 89.

an ALR hearing regarding the suspension of his license two days after he had been arrested.[42] Further, as noted by Director McGraw, the right to obtain a driver's license is a privilege, not a protected right. *See Gillaspie v. Dep't. of Pub. Safety*, 152 Tex. 459, 259 S.W.2d 177, 182 (1953) ("[A] license or permit to drive an automobile on the public highways and streets is a privilege and not property or a property right."); *see also Blakely v. Andrade*, 360 F. Supp. 3d 453, 470 (N.D. Tex. 2019) (same). Thus, any lack of notice language intended to address individuals without driver's licenses or a required reinstatement fee prior to obtaining a license is not a violation of due process.

As discussed above, any argument as to notice is moot as Plaintiff's license is no longer suspended and he is permitted to drive, and Plaintiff's reinstatement fee is not depriving him of a constitutionally protected right. Thus, Plaintiff's due process argument fails.[43]

   iv. *Equal Protection*

Fourth, Director McGraw argues that Plaintiff fails to allege facts that suggest an equal protection claim is being brought against Director McGraw.[44]

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) a state actor intentionally discriminated against [him] because of membership in a protected class or (b) he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Gibson v. Texas Dep't of Ins.--Div. of*

---

[42] *Id.* at 87–88.
[43] Director McGraw also notes that allegations as to the missing language on the DIC-24 would be an alleged violation of state law, not the U.S. constitution. (Dkt. No. 15 at 17.) "It is well established that violations of state law are not actionable under § 1983." *Whitt v. Stephens Cty.*, 236 F. App'x 900, 902 (5th Cir. 2007).
[44] Dkt. No. 15 at 17.

*Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal quotations and citations omitted).

In his fourth amended complaint, Plaintiff simply states he is "a foreign-born person (alienage) and hence within a protected class."[45] The Court agrees with Director McGraw that Plaintiff fails to allege facts to indicate Director McGraw or DPS discriminated against Plaintiff on that basis and that Plaintiff does not allege the DIC-24 form applied to him in a discriminatory manner.[46] Plaintiff does not address Director McGraw's argument in his response. Accordingly, Plaintiff's equal protection argument fails.

## IV.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Defendant Director McGraw's Motion to Dismiss (Dkt. No. 15) be **GRANTED** and the case against him be **DISMISSED WITH PREJUDICE**. The Court **FURTHER RECOMMENDS** that all other pending motions (Dkt. Nos. 5, 7, 17, 22) be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

---

[45] Dkt. No. 6 at 77.
[46] *See* Dkt. No. 15 at 17.

of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on September 9, 2021.

Sam S. Sheldon
United States Magistrate Judge