United States District Court
Southern District of Texas
**ENTERED**
December 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST ADIMORA-NWEKE, | § § § | CIVIL ACTION NO. 4:20-cv-04149 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| STEVEN A. MCGRAW, *et al*, | § § § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Ernest Adimora-Nweke represents himself here *pro se*. But he's also a lawyer. As such, Magistrate Judge Sam S. Sheldon declined to leniently construe his pleadings in the Memorandum and Recommendation. See Dkt 50 at 4. Neither will this Court in reviewing Adimora-Nweke's objections. See *Wright v McCain*, 703 F App'x 281, 284 (5th Cir 2017, *per curiam*). Indeed, Adimora-Nweke is admonished and cautioned to observe the dictates of Rule 11 of the Federal Rules of Civil Procedure going forward. This Court will not hesitate where warranted to shift costs, make a referral to the Texas State Bar for appropriate disciplinary proceedings, or otherwise issue any necessary sanctions.

Adimora-Nweke brought this action in state court, which was removed here. Dkt 1. Now at issue is his rambling, 125-page fourth amended complaint that asserts wide-ranging causes of action against approximately thirty putative defendants under (among other things) the United States Constitution and state tort law, while also seeking class certification. Dkt 6. The removal papers

include a lengthy appendix of materials filed in state court prior to removal. Dkt 2.

All of this relates to his arrest on suspicion of driving while intoxicated in November 2018. He there refused to voluntarily provide a breath or blood sample after being warned that such refusal would subject his driver's license to automatic suspension pursuant to § 724.015 of the Texas Transportation Code. Dkt 6 at 86–87; see also Dkt 2 at 176 (DIC-24 statutory warning). And so, he received notice via a form DIC-25 that his license would be suspended. Dkt 2 at 352 (DIC-25 notice of suspicion). A form DIC-25 also serves as a temporary driving permit where one's driver's license is confiscated. Ibid.

Section 724.041(a) of the Texas Transportation Code permits an individual within fifteen days of arrest or of receiving notice of suspension to request an Administrative License Revocation hearing. Adimora-Nweke requested such a hearing. Dkt 6 at 87–88. But he was later notified that his request was deficient. Dkt 2 at 347. He didn't attempt to correct the stated deficiencies until well after the statutorily required fifteen-day period. Id at 348–51. And so, his license was suspended from December 24, 2018 through June 21, 2019. Id at 345 (order of suspension).

Adimora-Nweke's license is no longer suspended, and he's permitted to drive but must remit the required $125 reinstatement fee before a new license will be issued. Ibid. He hasn't paid the fee and contends that the DIC-24 warning fails to strictly comply with § 724.015 of the Texas Transportation Code and is unconstitutional on its face. Dkt 6 at 98–100.

The case was referred for disposition to Magistrate Judge Sam S. Sheldon. Dkt 12. By Memorandum and Recommendation, he resolved a number of outstanding motions. See Dkt 50.

*First*, upon determination that Adimora-Nweke lacks standing to assert claims concerning form DIC-24, he recommended that the motion to dismiss by Defendant Steven A. McGraw, in his official capacity as Director of the

Texas Department of Public Safety, be granted. Dkt 15; Dkt 50 at 1. Plainly, section 724.015(6) of the Texas Transportation Code applies only "to individuals who do not have a driver's license." Id at 5. And because Adimora-Nweke had a driver's license at the time of his arrest—a contention he doesn't refute—he couldn't have been injured by a lack of notice as to this section. Ibid. Further, because his license is no longer suspended and he's permitted to drive, Adimora-Nweke's claims are moot. Id at 6–7.

*Second,* he recommended that all other pending motions be denied as moot. Dkt 50 at 1. These included:

- o Adimora-Nweke's motion for partial summary judgment and injunction, Dkt 5;
- o Adimora-Nweke's amended motion for partial summary judgment, injunction, class certification, representation, counsel, and counsel compensation, Dkt 7;
- o Adimora-Nweke's second amended motion for partial summary judgment, injunction, class certification, representation, counsel, and counsel compensation, Dkt 17; and
- o Adimora-Nweke's emergency motion for alternate service, to separate, and leave to amend, Dkt 22.

Adimora-Nweke timely objected, contending that the findings by the Magistrate Judge assume facts not in evidence, are contrary to the scope of a 12(b)(6) motion, and error on facts and the law. Dkt 51.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglas v United Services Automobile Association*, 79 F3d

1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

The Court has reviewed *de novo* the objections by Adimora-Nweke. The response by McGraw adequately and accurately addresses all such complaints. Dkt 52. The objections lack merit and disposition is controlled by authority cited in the Memorandum and Recommendation.

The Court has otherwise considered the Memorandum and Recommendation and reviewed the pleadings, the response, and the reply. No clear error appears.

The Memorandum and Recommendation of Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 50.

The motion to dismiss by Defendant Steven A. McGraw, in his official capacity as Director of the Texas Department of Public Safety, is GRANTED. Dkt 15.

McGraw is DISMISSED WITH PREJUDICE. This is appropriate where the subject pleading is a fourth amended complaint of 125 pages in length, and yet it fails even now to meet the requirements of Rule 8(a)(2). See Dkt 50 at 7–8.

The various other motions by Plaintiff Ernest Adimora-Nweke are DENIED AS MOOT. Dkts 5, 7, 17, & 22.

SO ORDERED.

Signed on December 2, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge