United States District Court
Southern District of Texas
**ENTERED**
December 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST ADIMORA-NWEKE, | § | CIVIL ACTION NO. |
| | § | 4:20-cv-04149 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| HANNAH O. | § | |
| YARBROUGH-SMITH, | § | |
| *et al*, | § | |
| Defendants. | § | |

MEMORANDUM DENYING RECONSIDERATION
AND DISMISSING ACTION

Plaintiff Ernest Adimora-Nweke is an attorney who filed suit against approximately thirty putative defendants asserting wide-ranging causes of action. Dkt 6. But he only ever served Steven A. McGraw, who has now been dismissed from this action with prejudice. Dkt 54.

Adimora-Nweke was ordered to show cause as to why this case shouldn't be dismissed without prejudice as to all other defendants for failure to satisfy Rule 4(m) of the Federal Rules of Civil Procedure. Dkt 55. He responded. Dkt 58. He also filed a motion seeking reconsideration of this Court's order adopting the memorandum and recommendation of Magistrate Judge Sam S. Sheldon. Dkt 56.

*As to the motion for reconsideration.* Adimora-Nweke argues error pursuant to Rule 59 solely on points already considered and rejected. Compare Dkt 56 with Dkts 50 (memorandum and recommendation) & 54 (order adopting same). But Rule 59 doesn't technically pertain to the

interlocutory order at issue. Rule 54(b) is instead appropriate where relief is sought from interlocutory judgments, which "permits the district court 'to reconsider and reverse its decision for any reason it deems sufficient.'" *McClendon v United States*, 892 F3d 775, 781 (5th Cir 2018); see also Dkt 59 at 2–3 (quoting same).

Adimora-Nweke doesn't present any new legal or factual argument that causes the Court to reconsider its prior ruling. The motion for reconsideration will be denied.

*As to response to show cause.* Adimora-Nweke asserts that the abstention doctrine somehow "preclude[s] this court from dismissing the non-McGraw claims." Dkt 58 at 1. Wholly absent is any reckoning of the mandatory requirement upon him to serve defendants to have a live proceeding even pending here.

Federal Rule of Civil Procedure 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This mandates dismissal absent good cause shown by the plaintiff for the failure to timely serve. *Lewis v Secretary of Public Safety and Corrections*, 870 F3d 365, 369 (5th Cir 2017).

Substantially more than 90 days have passed. And prior to removal, Adimora-Nweke filed multiple motions requesting to serve process on several named defendants through alternate service. For example, see Dkt 2 at 75, 146–51. Each was denied. See id at 144, 160, 165, and 167. Adimora-Nweke doesn't here show good cause for his failure to serve the remaining named defendants as required by Rule 4(m). Dismissal without prejudice is thus appropriate. For example, see *Crear v JP Morgan Chase Bank N.A.*, 2011 WL 1129574, \*4–5 (5th Cir, *per curiam*).

The motion for reconsideration by Plaintiff Ernest Adimora-Nweke is DENIED. Dkt 56.

The claims asserted against all remaining named defendants are DISMISSED WITHOUT PREJUDICE for failure of service.

This action is DISMISSED. A final judgment will enter by separate order.

SO ORDERED.

Signed on December 27, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge